IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01041-BNB

EARL WILLIAM CAMPBELL, JR.,

       Plaintiff,

v.

KEVIN MILYARD,
DR. FLOYD POHLMAN, M.D.,
DR. GAGEN SINGH, M.D.,
BEVERLY DOWIS,
DR. PAULA FRANTZ, M.D.,
JOANN STOCK, PAC,
B. WEBSTER, PAC, and
STERLING REGIONAL MEDICAL CENTER,

       Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 1 2009

GREGORY C. LANGHAM
CLERK

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Earl William Campbell, Jr., is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Campbell has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the Prisoner Complaint liberally because Mr. Campbell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Campbell is ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and has determined that it does

not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure.  The twin purposes of a complaint are to give the opposing parties fair

notice of the basis for the claims against them so that they may respond and to allow

the court to conclude that the allegations, if proven, show that the plaintiff is entitled to

relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery

Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R.

Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network,

Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th

Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short

and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand

for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which

provides that "[e]ach allegation must be simple, concise, and direct."  Taken together,

Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the

federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements

of Rule 8.

Mr. Campbell fails to provide a short and plain statement of his claims showing

that he is entitled to relief.  The Prisoner Complaint is ninety-two pages long with an

additional ninety-three pages of attached exhibits.  Although Mr. Campbell asserts only

four claims for relief, he sets forth an extended and unnecessary discussion of often

insignificant details and legal argument in support of his claims rather than providing "a

generalized statement of the facts from which the defendant may form a responsive

2

pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For example, Mr. Campbell uses forty-seven pages to present his first claim for relief, in which he alleges that he was denied adequate medical treatment for his left knee. As a result, the court finds that the Prisoner Complaint is excessively and unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Prisoner Complaint also is deficient because, despite the significant length of the Prisoner Complaint, Mr. Campbell fails in any claim other than his first claim to identify the specific individuals who allegedly violated his rights. For example, with respect to his second claim for relief, Mr. Campbell alleges that he was denied access to the courts but he fails to identify which Defendant or Defendants denied him access to the courts.

Therefore, Mr. Campbell is ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. Mr. Campbell is advised that it is his responsibility to present his claims clearly and concisely in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The court finds that the Prisoner Complaint filed by Mr. Campbell does not meet the

requirements of Rule 8 and that Mr. Campbell should be given an opportunity to file an amended complaint.  Accordingly, it is

ORDERED that Mr. Campbell file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Campbell, together with a copy of this order, two copies of the following form: Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Campbell fails within the time allowed to file an amended complaint that complies with this order the action will be dismissed without further notice.

DATED May 21, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01041-BNB

Earl William Campbell, Jr.
Reg No. 43916
Sterling Correctional Facility
PO Box 6000 - Unit 7A-1-08
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/21/09

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk