IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01041-CMA-KLM

EARL WILLIAM CAMPBELL, JR.,

     Plaintiff,

v.

KEVIN MILYARD,
DR. FLOYD POHLMAN, M.D.,
DR. GAGEN SINGH, M.D.,
DR. J.G. FORTUNATO, D.O.,
STERLING REGIONAL MED. CENTER,
BEVERLY DOWIS, H.S.A.,
KATHERN RITTENHOUSE, P.A.C.,
BRIAN WEBSTER, P.A.C., and
SERGEANT JOHNSON, LU-3,

     Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Plaintiff's Motion for Appointment of Counsel** [Docket No. 42; Filed November 25, 2009] and Plaintiff's **Motion for Return of Plaintiff's Second Amended Complaint** [Docket No. 45; Filed November 25, 2009] ("Motion No. 45").

IT IS HEREBY **ORDERED** that Motion No. 42 is **DENIED without prejudice**. The Court does not have the power to appoint an attorney without the attorney's consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to

represent a plaintiff such as this Plaintiff if the Court determines in its discretion that is appropriate to do so.  The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.  However, the Court clarifies that mere placement on this list would not automatically mean that Plaintiff would receive counsel.  Rather, placement on the list results in representation being secured for Plaintiff only if counsel volunteers to represent him.  Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained.  In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants:  (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications.  *See Rucks*, 57 F.3d at 979.

The merits of the Plaintiff's claims are challenged by multiple motions to dismiss [Docket Nos. 32, 37, 50, 51].  Should the Plaintiff's claims survive these motions, the Court will have a better sense of the merits of the claims.  Plaintiff's claims concern the medical care that he received for knee and head injuries while incarcerated, his conditions of confinement at the prison, and his access to the court system.  The legal issues presented,

2

though varied, are not overly complex, novel, or difficult to state or analyze. Plaintiff's filings to date, including his Amended Complaint which is detailed and presents a lengthy account of the facts of his case, demonstrate Plaintiff's ability to present his claims.

Plaintiff's lack of legal acumen and his indigence are normal, not special, circumstances in this type of case and do not inform the Court's determination of whether to seek volunteer counsel for Plaintiff. Plaintiff also complains about the quality of the prison library and his lack of access to paper and writing utensils. However, he has failed to make any showing that these problems rise to such a level as to deny his access to the courts. *See Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir.1978) (noting that the adequacy of the prison law library "is but one factor in the totality of all factors bearing on the inmates' access to the courts which should be considered"). Further, the quantity of plaintiff's filings belie his contention that he does not have enough supplies to access the courts effectively.

Plaintiff's vague assertion that he is in poor health does not rise to a "special circumstance" warranting his placement on the list. The fact that Defendants have counsel does not prompt a different result. Although mindful of the difficulties faced by *pro se* parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Here, I note that Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his health, lack of legal training, and financial status. To the extent that Plaintiff feels that

3

he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a).  However, while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

IT IS **FURTHER ORDERED** that Motion No. 45 is **DENIED**.  Plaintiff requests an Order from the Court directing Defendant Kevin Milyard to return Plaintiff's copy of his Second Amended Complaint filed in this action.  Plaintiff has not filed a Second Amended Complaint in this action, so presumably he is referring to a draft of a Second Amended Complaint that he intended to file.  According to Plaintiff, his copy of his Second Amended Complaint was taken by another inmate inadvertently when that inmate moved his belongings from the unit where Plaintiff had been working on the document to another unit in the prison.  Plaintiff explains that the document later was confiscated from that other inmate as contraband and thrown in the trash.  By Plaintiff's own account, then, the draft document no longer exists and was taken from him not by Defendant Milyard but by another inmate.  This is not a case where prison officials purposefully have taken an inmate's legal papers and destroyed them.  If Plaintiff still wishes to file a Second Amended Complaint, he may seek permission to do so and at that time remind the Court that the situation described in Motion No. 45 delayed the filing of his request.

Dated:  December 15, 2009