IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01041-CMA-KLM

EARL WILLIAM CAMPBELL, JR.,

    Plaintiff,

v.

KEVIN MILYARD,
DR. FLOYD POHLMAN, M.D.,
DR. GAGEN SINGH, M.D.,
DR. J.G. FORTUNATO, D.O.,
STERLING REGIONAL MED. CENTER,
BEVERLY DOWIS, H.S.A.,
KATHERN RITTENHOUSE, P.A.C.,
BRIAN WEBSTER, P.A.C., and
SERGEANT JOHNSON, LU-3,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** [Docket No. 30; Filed October 23, 2009], **Plaintiff's Response to Order to Show Cause** [Docket No. 44; Filed November 25, 2009], and **State Defendants' Motion in Support of the Court's Order to Show Cause Filed on October 23, 2009** [Docket No. 48; Filed December 7, 2009] (the "Motion").

    In its Order to Show Cause, the Court directed Plaintiff to show cause why the Court should not recommend that the case against Defendant Brian Webster be dismissed pursuant to Fed. R. Civ. P. 4(m) & 41(b).  In that Order, Plaintiff was directed to either file proof of service or respond and show good cause for failure to properly serve Defendant

Webster, or to provide a current address for Defendant Webster.  Plaintiff has responded.

Plaintiff argues that the Court must effect service because he is indigent and proceeding in this matter *in forma pauperis*.  As the Court explained in its previous Order, while Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so.  *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision).  Plaintiff provides in his response the same address at which the U.S. Marshal already has attempted to serve Defendant Webster.  As noted in the summons that was returned unexecuted, Defendant Webster no longer lives at that address and has moved to another state.  *See* Docket No. 25.

Plaintiff also argues that because Defendant Webster was an employee of the State of Colorado at the time of the alleged constitutional violations, the Colorado Attorney General must accept or waive service on his behalf.  The Colorado Department of Corrections ["CDOC"] waived service for those Defendants still employed by it, but not for Defendant Webster because he is no longer a CDOC employee.  *See* Docket No. 22.  CDOC is not required to accept or waive service for Defendant Webster, and service on the Colorado Attorney General is not sufficient.  *See* Fed. R. Civ. P. 4(e) (setting forth acceptable means of serving individuals); C.R.C.P. 4(e)(10)(A) (service of process on employee of state of Colorado made by personal service on employee and on attorney general); *see also Edmisten v. McKune*, No. 07-3116-JWL, 2008 WL 640483, at *1 (D. Kan. March 6, 2008) (noting that defendant employer could not accept service on behalf of individuals it no longer employed).  Plaintiff has not provided any information the Court can

use to effect service on Defendant Webster.

Plaintiff filed his Amended Complaint on August 28, 2009. Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on Defendant Webster was December 26, 2009. Plaintiff has not effected service or provided sufficient information so that the Court, through the U.S. Marshal, can effect service on his behalf.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

IT IS **FURTHER ORDERED** that the Order to Show Cause is made **ABSOLUTE**. Plaintiff has failed to show cause as to why the Court should not recommend dismissal of Defendant Webster.

I respectfully **RECOMMEND** that Defendant Brian Webster be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m) & 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed.R.Civ.P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

Dated:  December 31, 2009

                                                                s/ Kristen L. Mix  
                                                                Kristen L. Mix  
                                                                United States Magistrate Judge