IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01041-CMA-KLM

EARL WILLIAM CAMPBELL, JR.,

    Plaintiff,

v.

KEVIN MILYARD,
DR. FLOYD POHLMAN, M.D.,
DR. GAGEN SINGH, M.D.,
DR. J.G. FORTUNATO, D.O.,
STERLING REGIONAL MED. CENTER,
BEVERLY DOWIS, H.S.A.,
KATHERN RITTENHOUSE, P.A.C.,
BRIAN WEBSTER, P.A.C., and
SERGEANT JOHNSON, LU-3,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants Milyard, Pohlman, Singh, Frantz, Fortunato, Dowis, Rittenhouse, Stock and Johnson's Motion for Summary Judgment Arising from Plaintiff's Failure to Respond to Defendants' Requests to Admit** [Docket No. 93; Filed June 15, 2010] ("Defendants' Motion"). Defendants' seek summary judgment against Plaintiff due to his failure to timely respond to Requests for Admission propounded by Defendants. Shortly after Defendants' Motion was filed, the Court received a letter from Plaintiff who is a prisoner proceeding *pro se* [Docket No. 96]. In the letter, Plaintiff alleges that he has been placed in segregation and deprived of legal resources. Given Plaintiff's *pro se* status, the Court construes Plaintiff's letter as a motion (hereinafter "Plaintiff's

Motion") and interprets it as a request for the Court's assistance in meeting Plaintiff's case responsibilities.[1]

IT IS HEREBY **ORDERED** that Defendants' Motion is **DENIED without prejudice**. Given Plaintiff's *pro se* status and lack of legal sophistication, granting summary judgment against him for his failure to timely respond to Defendants' Requests for Admissions would be an extraordinarily harsh penalty without first giving Plaintiff an opportunity to cure. Although Fed. R. Civ. P. 36(a)(3) indicates that "[a] matter is admitted unless, within 30 days" the responding party serves a written answer, Rule 36(b) also contemplates that putative admissions may be withdrawn or amended where doing so would not result in prejudice. Further, the annotations to Rule 36 emphasize a preference for resolving issues on their merits. 1970 Advisory Committee Notes to Fed. R. Civ. P. 36(b). The prejudice to Plaintiff would be manifest if the putative admissions were allowed to stand. However, the Court cannot identify any prejudice to Defendants if Plaintiff's claims are allowed to proceed on their merits.

IT IS HEREBY **ORDERED** that Plaintiff's Motion is **GRANTED in part and DENIED in part**. To the extent that the Motion pertains to a request for the Court's assistance with respect to the present discovery issue, the Motion is **granted**. To the extent that the Motion pertains to any of Plaintiff's other case responsibilities, the Motion is **denied**. Plaintiff chose to file this action knowing the limitations that he would face due to his incarcerated status. As a voluntary litigant in a federal case, Plaintiff must prosecute his case to the best of his ability and within the rules of his facility.

---

[1] The Court notes that all requests for relief must be made by motion. In the future, the Court will not respond to letters.

IT IS FURTHER **ORDERED** that Plaintiff's putative admissions are withdrawn.

IT IS FURTHER **ORDERED** that Plaintiff shall respond to Defendants' Requests for Admissions on or before **July 30, 2010** or they will be deemed admitted. To this end, the Clerk is directed to send a copy of the Requests for Admissions [Docket No. 93-1] to Plaintiff in conjunction with this Order. Plaintiff is warned that failure to timely respond to the Requests for Admission may result in his case being dismissed for a failure to prosecute, failure to comply with a Court Order or failure to comply with discovery obligations pursuant to Fed. R. Civ. P. 37(b), (c) & 41(b). In addition, a failure to timely respond to the Requests for Admission may result in summary judgment being entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

Dated: July 1, 2010

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix