IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-01041-CMA-KLM

EARL WILLIAM CAMPBELL, JR.,

 Plaintiff,

v.

KEVIN MILYARD,
DR. FLOYD POHLMAN, M.D.,
DR. GAGAN SINGH, M.D.,
DR. PAULA FRANTZ, M.D.,
DR. J. G. FORTUNATO, D.O.,
STERLING REGIONAL MED. CENTER,
BEVERLY DOWIS, H.S.A.,
KATHERN RITTENHOUSE, P.A.C.,
JOANN STOCK, P.A.C., and
SERGEANT JOHNSON, LU-3,

 Defendants.

**ORDER AFFIRMING AND ADOPTING MAY 4, 2010 RECOMMENDATION OF MAGISTRATE JUDGE**

This case is a civil rights action brought by an inmate at Sterling Correctional Facility ("SCF") against various prison officials pursuant to 42 U.S.C. § 1983. This matter is before the Court on the following five motions: (1) Defendant Pohlman's Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (Doc. # 32); (2) Defendants Milyard, Pohlman, Singh, Frantz, Fortunato, Dowis, Stock, Rittenhouse, and Johnson's joint Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (Doc. # 37); (3) Defendant Sterling Regional Medical Center's ("SRMC") Motion to Dismiss pursuant to Fed. R. Civ. P.

12(b)(6) (Doc. # 50); (4) SRMC's Motion to Dismiss for Failure to File a Certificate of Review (Doc. # 51); and (5) SRMC's Motion for Summary Judgment (Doc. # 73). On May 4, 2010, Magistrate Judge Mix issued a Recommendation on these motions. (Doc. # 79.) On May 18, 2010, Dr. Pohlman filed his objections (Doc. # 80), and on June 4, 2010, Plaintiff filed his objections (Doc. # 85). In light of the objections, the Court has conducted the requisite *de novo* review of the issues, the Recommendation, and objections. For the following reasons, the Court AFFIRMS and ADOPTS the Magistrate's Judge's Recommendation.

## I. BACKGROUND

The facts are detailed within the Magistrate Judge's Recommendation, which the Court incorporates herein. The Court will provide only a brief overview of the facts and procedural history and will expand on them, if necessary, within the analysis.[1]

Plaintiff Earl Campbell, who is proceeding *pro se*, is currently incarcerated at SCF. (Doc. # 16, ¶ 1.) In September 2002, Plaintiff underwent knee surgery to repair a torn ACL. (*Id.*, ¶ 3.) The procedure failed, and in October 2003, Plaintiff underwent a second surgery to repair his knee. (*Id.*, ¶ 25.) Shortly after the surgery, Plaintiff fell on an icy sidewalk and tore open the surgical wound from his surgery. (*Id.*, ¶ 36.) Plaintiff received emergency medical treatment, including a third operation on his knee. (*Id.*, ¶ 47.)

---

[1] The facts the Court presents here are gleaned from Plaintiff's Complaint (Doc. # 16), which the Court accepts as true for the purposes of a Rule 12(b)(6) motion. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Plaintiff's knee became infected after the third operation.  (*Id., ¶¶* 60-61.)  He complained about his condition to prison staff, who gave him medical treatment on December 5, 2003.  (*Id., ¶* 67.)  Because his infection was severe, Plaintiff was sent to a Denver hospital to be treated.  (*Id., ¶¶* 70; 80.)  When he returned to SCF, Plaintiff was convinced his knee was not healing properly and requested additional exams.  (*Id., ¶¶* 86-87.)  His requests were denied.  (*Id.*)  In August 2004, after Plaintiff's knee was examined in Denver, an SCF medical committee decided that Plaintiff would not receive any further treatment on his left knee.  (*Id., ¶* 91.)

Later that year, a physical therapist examined Plaintiff and recommended another surgery on Plaintiff's knee, but no treatment was provided.  (*Id., ¶¶* 93; 95.)  Plaintiff continued to complain to prison staff and did not receive treatment despite promises from various Defendants that he would.  (*Id., ¶¶* 99-101.)  In January 2006, Plaintiff received an MRI, which revealed that his knee had not healed.  (*Id., ¶* 104.)  In February 2007, prison medical staff told Plaintiff that he would not receive any more treatment for his knee.  (*Id., ¶* 104.)  He filed grievances and on July 2008, he exhausted his administrative remedies.  (*Id., ¶* 105.)

On May 5, 2009, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 against various SCF medical personnel, the SCF warden, and one SCF guard.  (*Id.* at 1.)  He brings three claims: (1) an Eighth Amendment claim against all Defendants for the actions described above; (2) an Eighth Amendment claim against Milyard for the

conditions of administrative segregation; and (3) a claim against Milyard for denying his access to the courts.² (*Id.*)

On October 28, 2009, Dr. Pohlman, who was the surgeon for Plaintiff's first three knee operations, filed a Motion to Dismiss arguing that the statute of limitations bars Plaintiff's Claim One against him. (Doc. # 32.) On November 16, 2009, Milyard, Dr. Pohlman, Dr. Singh, Dr. Frantz, Dr. Fortunato, Dowis, Stock, Rittenhouse, and Johnson filed a joint Motion to Dismiss arguing that Plaintiff failed to state an Eighth Amendment claim against them. (Doc. # 37.) On December 9, 2009, SRMC filed a Motion to Dismiss for Failure to State a Claim (Doc. # 50) and a Motion to Dismiss for Failure to File a Certificate of Review (Doc. # 51). On March 22, 2010, SRMC filed a Motion for Summary Judgment arguing that the statute of limitation bars Plaintiff's claim against it. (Doc. # 73.) This Court referred these motions to Magistrate Judge Mix for a Recommendation. (Doc. ## 20; 34; 38; 52; 74.)

On May 4, 2010, Magistrate Judge Mix issued her Recommendation. (Doc. # 79.) She concluded that Plaintiff's claim against Dr. Pohlman should not be dismissed pursuant to the statute of limitations because further factual development is necessary to decide if equitable tolling should apply. (*Id.* at 13.) She also concluded that Plaintiff's

---

² Because no party filed objections to the recommended dismissals of Claims Two and Three, the Court provides only a brief overview of allegations supporting Plaintiff's Claims Two and Three. Plaintiff's second and third claims result from when he was placed in administrative segregation. (Doc. # 16 at 25.) He alleges that loud noises prevented him from sleeping, which he claims is cruel and unusual punishment under the Eighth Amendment. (*Id.*) He further alleges that prison staff took his legal papers for approximately three months when he was placed in administrative segregation, which resulted in a summary denial of an ongoing appeal. (*Id.*)

4

claims against Milyard and Dowis should be dismissed for lack of personal participation. (*Id.* at 18-20.)  She further concluded that Plaintiff's claims against Dr. Pohlman, Dr. Singh, Rittenhouse, Dr. Frantz and Johnson should not be dismissed because Plaintiff stated a claim.  (*Id.* at 20-29.)  Finally, she concluded that Plaintiff's claims against Dr. Fortunato, Stock, and SRMC should be dismissed because Plaintiff stated a claim.  (*Id.* at 27; 29-30; 37-38.)  Dr. Pohlman and Plaintiff objected to the Recommendation.  (Doc. ## 80, 85.)³  Milyard, Singh, Fortunato, Dowis and Stock responded to Plaintiff's objections (Doc. # 89), as did SRMC (Doc. # 86).

## II.  STANDARD OF REVIEW

### A.     RECOMMENDATION OF MAGISTRATE JUDGE

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A proper objection must be filed within fourteen days of the Magistrate Judge's recommendations, Fed. R. Civ. P. 72(a), and must be specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996)(quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  "In the absence of timely

---

³ Plaintiff also moved to amend his Complaint in his Objections.  (Doc. # 85, ¶ 9.)  The Court notes that D.C.COLO.LCivR 7.1D prohibits motions embedded in response briefs and therefore will not address Plaintiff's motion.  If Plaintiff wishes to amend his Complaint, he must seek authorization to do so in a separate motion.

objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.** *PRO SE* **PLAINTIFF**

Because Plaintiff is proceeding *pro se*, the Court recognizes that he is entitled to a liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Where the Court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so," regardless of the plaintiff's confusion of legal theories or unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the Court cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Id.*

**C.** **RULE 12(b)(6) MOTION**

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "'accept[s] all the well-pleaded allegations of the complaint as true'" and "'construe[s] them in the light most favorable to the plaintiff.'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). The Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *The Ridge at Red*

6

*Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that" the alleged claim might have occurred. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (citation and quotation marks omitted).

In evaluating the plausibility of a given claim, the Court "need not accept conclusory allegations" without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.[4]

### III.  ANALYSIS

The Court will first consider Dr. Pohlman's objections to Magistrate Judge Mix's recommendation that Plaintiff's claims against Dr. Pohlman should not be dismissed because of the statute of limitations. The Court will then consider the objections filed by Plaintiff and Dr. Pohlman to Magistrate Judge Mix's recommendations on the joint Motion to Dismiss Plaintiff's Claim One, *i.e.*, his Eighth Amendment claim against all Defendants. (Doc. # 37.) The Court will conclude by considering Magistrate Judge Mix's recommendations to which no party objected.

---

[4]  Because granting SRMC's Motion to Dismiss (Doc. # 50) moots SRMC's Motion for Summary Judgment, the Court need not set forth the standard of review for Rule 56 motions.

7

## A.  OBJECTIONS TO RECOMMENDATION ON DEFENDANT POHLMAN'S MOTION TO DISMISS

Upon reviewing Defendant Pohlman's Motion to Dismiss (Doc. # 32), Magistrate Judge Mix recommended that Plaintiff's claim against Dr. Pohlman remain because it was not clear from the Complaint whether Plaintiff was entitled to an equitable tolling of the statute of limitations.  (Doc. # 79 at 13.)  The Magistrate decided that more facts were needed to decide whether equitable tolling should apply.  (*Id.*)  Dr. Pohlman objects, raising four arguments.  (Doc. # 80.)  The Court takes each in turn.

Dr. Pohlman first argues that Magistrate Judge Mix considered evidence outside of the Complaint in her Recommendation on his motion to dismiss.  (Doc. # 80 at 3; 5.) However, Magistrate Judge Mix recommended denying Dr. Pohlman's motion to dismiss because she found that it was not clear on the face of the Complaint that the action was brought outside of the statute of limitations.  (Doc. # 79 at 12-13.) Magistrate Judge Mix found that the Complaint did not provide enough facts for her to decide whether the statute of limitations bars the Complaint.  The Magistrate Judge considered **arguments** from Plaintiff's response brief in deciding that more facts are needed, but only considered the facts presented in the Complaint to come to her decision.  Therefore, Dr. Pohlman's assertion that she considered facts outside of the Complaint is misplaced.

Dr. Pohlman also argues that Plaintiff's allegation that in early 2004, Dr. Pohlman "refused to examine Plaintiff" (Doc. # 16, ¶ 88), which the Magistrate Judge partly relied on in her Recommendation, should not be taken as true.  (Doc. # 80 at 6-7.)

Dr. Pohlman's argument is not that the allegation is conclusory; he instead argues that it is false.[5] (*Id.*) It is not the Court's function on a Rule 12(b)(6) motion to decide whether Plaintiff's allegations are true. *See Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). The Court accepts Plaintiff's well-pleaded allegations as true and cannot consider any other evidence when deciding a Rule 12(b)(6) motion. *Id.*

Dr. Pohlman's third argument is that the Complaint does not support equitable tolling. (Doc. # 80 at 7-8.) He objects to the Magistrate Judge's finding that equitable tolling applies. (*Id.* at 7.) Dr. Pohlman's premise is incorrect. The Magistrate Judge did not find that equitable tolling applies; she found that it is not clear on the face of the Complaint whether equitable tolling should apply. Therefore, she declined to recommend dismissing the Complaint pursuant to Rule 12(b)(6). (Doc. # 79 at 13.) Dr. Pohlman is objecting to a finding the Magistrate Judge did not make.

Dr. Pohlman's final argument is that no further factual development is necessary to decide that equitable tolling does not apply. (Doc. # 80 at 8-9.) In particular, he objects to the Magistrate Judge finding that there are allegations in the Complaint that Defendants made promises to Plaintiff that treatment would be forthcoming. (Doc. # 79 at 10; 13.) Because it was unclear which Defendants made these alleged promises and when the alleged promises were made, the Magistrate Judge found that further factual

---

[5] The Court notes that although Dr. Pohlman asserts that Plaintiff's allegations make his contention clear, he cites to nothing to support his contention. (Doc. # 80 at 6.)

development is necessary to decide if these promises would support equitable tolling. (*Id.* at 13.)

In his objections, Dr. Pohlman argues that Plaintiff's equitable tolling argument fails because he did not tell Plaintiff more treatment would be forthcoming. (Doc. # 80 at 9.) Specifically, he argues that Plaintiff's allegation that Dr. Pohlman refused to see Plaintiff gives rise to an inference that Dr. Pohlman told Plaintiff he would not treat Plaintiff further. (*Id.*) In other words, Dr. Pohlman argues he "forthrightly stated that he would **not** provide Plaintiff with additional treatment." (*Id.* (emphasis in original).) However, Plaintiff's Complaint states only that "Defendant Pohlman refused to examine" him. (Doc. # 16, ¶ 80.) Because the Court must "construe" Plaintiff's allegations "in the light most favorable to" Plaintiff, this allegation does not permit the Court to infer that Dr. Pohlman refused to provide Plaintiff with additional treatment. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks omitted). The Court can only infer that Dr. Pohlman refused to examine Plaintiff at that time. Further facts are necessary to decide whether Dr. Pohlman told Plaintiff that no more treatment would be forthcoming from him.

For these reasons, the Court overrules Dr. Pohlman's Objections and holds that Magistrate Judge Mix correctly determined that further factual development is necessary to decide if equitable tolling should apply. The Court will now turn to Plaintiff's and Dr. Pohlman's objections to Magistrate Judge Mix's Recommendation as to Plaintiff's Claim One.

## B. OBJECTIONS TO RECOMMENDATION ON DEFENDANTS' JOINT MOTION TO DISMISS

Upon reviewing Defendants' joint Motion to Dismiss (Doc. # 37), Magistrate Judge Mix recommended that Plaintiff's Eighth Amendment claims in Claim One against Milyard, Dowis, Dr. Fortunato, Stock, and SRMC be dismissed, that Plaintiff's claims against Dr. Singh and Rittenhouse be dismissed in part, and that Plaintiff's claims against Dr. Pohlman, Johnson, and Dr. Frantz remain. (Doc. # 79 at 18-38.) Plaintiff objects to the recommended dismissals of every Defendant except SRMC and the recommended partial dismissal of Dr. Singh. (Doc. # 85.) Dr. Pohlman objects to the recommendation that the claim against him remain. (Doc. # 80.) The Court will take each of the objections in turn.

### 1. Defendants Milyard and Dowis

The Magistrate Judge recommended that the claims against Defendants Milyard (the SCF warden) and Dowis (the SCF health services administrator) be dismissed because Plaintiff did not plead that they personally participated in the alleged Eighth Amendment violations. (Doc. # 79 at 18-20.) The Court has liberally construed Plaintiff's objections that Milyard and Dowis are liable in their supervisory capacities and that he sent Milyard letters, which demonstrates Milyard's personal participation. (Doc. # 85, ¶¶ 4-8; 13-14.)

In order for governmental officials to be liable for unconstitutional actions under 42 U.S.C. § 1983, they must have violated the constitution through their "own individual actions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Government officials are not

automatically "vicariously liable for the misconduct of their subordinates." *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1151 (10th Cir. 2006). The supervisor has to be "personally involved in the constitutional violation" to be liable under § 1983. *Id.* (quoting *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006)) (internal quotations omitted). In this case, because Plaintiff argues that Milyard and Dowis are liable in their supervisory capacities, he has not pleaded the necessary link between Milyard and Dowis and the alleged constitutional violations.

Plaintiff's contention that he sent Milyard letters also does not indicate that Milyard personally participated in the alleged constitutional violation. In unpublished opinions, the Tenth Circuit has held that receiving correspondence does not demonstrate the personal participation required to trigger personal liability under § 1983. *Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) (unpublished) (holding that copying the warden on correspondence does not demonstrate the warden's personal participation in an alleged constitutional violation).[6] In a published opinion, the Tenth Circuit held that a defendant denying a grievance does not demonstrate his personal participation in an alleged constitutional violation under § 1983. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Passive receipt of a letter is a more attenuated link between a defendant and a constitutional violation than denying a grievance, which requires some affirmative action. Based on these cases,

---

[6] *See also Quintana v. Doe*, 09-cv-00946-CMA-KLM, 2010 WL 2650052, at *7 (D. Colo. June 30, 2010).

this Court holds that receiving correspondence does not demonstrate Milyard's personal participation in the alleged constitutional violations. As such, Plaintiff has not stated a valid claim against Milyard and Dowis.

    2.    <u>Defendant Singh</u>

The Magistrate Judge recommended that Plaintiff's claims against Defendant Singh, an SCF doctor, for denying Plaintiff medical care after his first surgery and for denying Plaintiff pain medication between 2003 and 2007 remain. (Doc. # 79 at 21-26.) She further recommended dismissal of Plaintiff's claims against Dr. Singh for improper care after Plaintiff's third surgery and for participating in a committee in 2004 that decided Plaintiff would not receive any more treatment on his knee. (*Id.*) Plaintiff objects to the dismissal of the claim against Dr. Singh for improper care after his third surgery, arguing that Dr. Singh's failure to provide proper follow-up care led to his infection. (Doc. # 85, ¶ 11.)

In order to have a cognizable Eighth Amendment claim against prison officials, a Plaintiff must allege facts demonstrating that: (1) the deprivation Plaintiff suffered is "sufficiently serious" (objective standard), and (2) the official had a culpable state of mind (subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Concerning the second factor,[7] an official acts with a culpable state of mind if he acts with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

---

[7] Defendants do not dispute that Plaintiff has alleged a serious deprivation that meets the objective standard of the Eighth Amendment test, and therefore the Court need not address this standard. (Doc. # 37 at 4.)

13

An official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006), *cert. denied*, 549 U.S. 856 (2006) (quoting *Farmer*, 511 U.S. at 837) (internal quotations omitted). A plaintiff may plead facts that consist of "circumstantial evidence" giving rise to an inference that the official acted with deliberate indifference. *Id.* (quoting *Farmer*, 511 U.S. at 842.)

Plaintiff objects to the Magistrate Judge's Recommendation that one of his claims against Dr. Singh be dismissed, arguing that Dr. Singh was negligent by not providing Plaintiff proper after-surgery care. (Doc. # 85, ¶ 11.) However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). Thus, an allegation that Dr. Singh was negligent does not satisfy the subjective factor of the Eighth Amendment test, and the Court holds that Plaintiff has failed to state an Eighth Amendment claim against Dr. Singh for not providing proper after-surgery care.

As stated above, Magistrate Judge Mix also recommended some of Plaintiff's claims against Dr. Singh remain and some be dismissed. (Doc. # 79 at 21-26.) No party filed objections to these recommendations. Therefore, the Court reviews this aspect of the Recommendation only for clear error. *See* Fed. R. Civ. P. 72 advisory

14

committee's note.  Finding no clear error, the Court holds that claims against Dr. Singh remain for refusing to treat Plaintiff after his September 2002 surgery and for denying Plaintiff pain medication after his hospital treatment in December 2003 until December 2007.  The Court will dismiss the remainder of the claims against Dr. Singh.

      3.     <u>Defendants Fortunato and Stock</u>

Magistrate Judge Mix also recommended that Plaintiff's Eighth Amendment claim against Defendant Fortunato, an SCF medical provider, be dismissed because Plaintiff did not plead that Dr. Fortunato personally participated in the alleged violation and because he did not plead that Dr. Fortunato acted with the requisite mental state.  (Doc. # 79 at 27.)  She further recommended that Plaintiff's Eighth Amendment claim against Defendant Stock, an SCF P.A.C., be dismissed because Plaintiff did not plead that Stock acted with the requisite mental state.  (*Id.* at 29-30.)  Plaintiff objects; he states that Dr. Fortunato saw Plaintiff on "sick-call" but refused to treat him and also denied a grievance Plaintiff filed.  (Doc. # 85, ¶ 11.)  Plaintiff argues that this demonstrates personal participation and the requisite mental state as to Dr. Fortunato.  (*Id.*)  Plaintiff also argues that Stock refused to treat him despite knowing of his medical needs because of a grievance he filed.  (*Id.,* ¶ 12.)

These objections, however, do not demonstrate that Dr. Fortunato and Stock acted with the requisite mental state, *i.e.*, that they acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Although seeing Plaintiff on sick call and refusing to treat him indicates that Dr. Fortunato personally participated in the alleged

constitutional violation, it does not indicate that Dr. Fortunato knew that a substantial risk of harm to Plaintiff existed if he did not treat Plaintiff. *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006), *cert. denied*, 549 U.S. 856 (2006). Dr. Fortunato's actions indicate that he did not believe Plaintiff needed further treatment, which is a difference in medical opinion. Similarly, as to Stock, Plaintiff has alleged that she was aware of his medical condition. (Doc. # 85, ¶ 12.) However, in his Complaint, Plaintiff alleges that Stock did not believe further treatment was necessary, *i.e.*, her medical opinion differed from his. (Doc. # 16, ¶ 99.) A difference of medical opinion between a plaintiff and a defendant is not enough to hold the defendant liable under the Eighth Amendment. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993); *McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977). Therefore, the Court holds that Plaintiff has not stated an Eighth Amendment claim against Dr. Fortunato and Stock.

　　　4.　　Defendant Pohlman

The Magistrate Judge recommended that the Eighth Amendment claim against Dr. Pohlman remain. (Doc. # 79 at 21.) Dr. Pohlman objects and argues that the allegation the Magistrate Judge used to decide that Plaintiff's Eighth Amendment claim remain against Dr. Pohlman is false.[8] (Doc. # 80 at 9.) As stated above, however, this argument fails because the Court must accept Plaintiff's well-pleaded allegations as true. *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007). Dr. Pohlman did not object to the Magistrate Judge's findings of law based on that fact

---

　　　[8] See discussion of this issue on page 8, *infra*.

(*see* Doc. # 80 at 9.); therefore, the Court reviews the rest of the Magistrate Judge's Recommendation only for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note. Finding no clear error, the Court holds that Plaintiff has stated an Eighth Amendment claim against Dr. Pohlman.

**C.    RECOMMENDATIONS WITH NO OBJECTIONS**

   1.    Recommendations on the Remaining Motions

Upon consideration of the rest of Defendants' joint Motion to Dismiss (Doc. # 37), Magistrate Judge Mix recommended that Plaintiff's claim against Defendant Rittenhouse, an SCF P.A.C., for denial of pain medication should remain but all other claims against Rittenhouse should be dismissed. (Doc. # 79 at 26-27). Magistrate Judge Mix further recommended that the Eighth Amendment claim against Defendant Frantz, an SCF doctor, remain and that the retaliation claim against Defendant Johnson, an SCF guard, remain. (*Id.* at 27-29; 30-32.) Magistrate Judge Mix found that Plaintiff failed to allege personal participation by Milyard in Claims Two and Three and thus recommended that these claims be dismissed. (Doc. # 79 at 35-36.)

Upon consideration of Defendant's SRMC outstanding motions (Doc. ## 50, 51, 73), Magistrate Judge Mix recommended granting SRMC's Motion to Dismiss pursuant to Rule 12(b)(6) and recommended denying SRMC's other outstanding motions as moot. (*Id.* at 37-38.)

No party filed objections to these recommendations. Therefore, the Court reviews these aspects of the Recommendation only for clear error. *See* Fed. R. Civ. P.

72 advisory committee's note. Finding no clear error, the Court holds that Plaintiff's claim against Rittenhouse for denying him pain medication should remain, that the remaining claims against Rittenhouse be dismissed, that the claims against Dr. Frantz and Johnson remain, that the claim against SRMC be dismissed, and that Claims Two and Three against Milyard be dismissed.

    2.    <u>Recommendation Allowing Plaintiff Leave to Amend</u>

Magistrate Judge Mix also recommended that the Court allow Plaintiff leave to amend his Complaint because she found that Plaintiff's amendment would not necessarily be futile and that it would not prejudice Defendants. (Doc. # 79 at 38.) This Court agrees with Magistrate Judge Mix and will allow Plaintiff 28 days to file an Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Objections (Doc. # 85) and Dr. Pohlman's Objections (Doc. # 80) are OVERRULED. The May 4, 2010 Recommendation of Magistrate Judge Mix (Doc. # 79) is ADOPTED AND AFFIRMED. Accordingly:

1. Defendant Pohlman's Motion to Dismiss (Doc. # 32) is DENIED;

2. Defendants Milyard, Pohlman, Singh, Frantz, Fortunato, Dowis, Stock, Rittenhouse, and Johnson's joint Motion to Dismiss (Doc. # 37) is GRANTED IN PART and DENIED IN PART;

3. Defendant SRMC's Motion to Dismiss (Doc. # 50) is GRANTED;

4. Defendant SRMC's Motion to Dismiss (Doc. # 51) and Motion for Summary Judgment (Doc. # 73) are DENIED as moot;

5. Plaintiff's Claim One against Defendants Milyard, Dowis, Fortunato, and Stock is DISMISSED WITHOUT PREJUDICE;

6. Plaintiff's Claim One against Defendant SRMC is DISMISSED WITH PREJUDICE.

7. Plaintiff's Claim One against Defendants Singh and Rittenhouse is DISMISSED WITHOUT PREJUDICE IN PART;

8. Plaintiff's Claims Two and Three against Defendant Milyard are DISMISSED WITHOUT PREJUDICE.

9. If Plaintiff wishes to amend his Complaint, an amended complaint must be filed with the Court within 28 days of this order. However, the Court cautions Plaintiff that if he cannot truthfully allege facts remedying the deficiencies in his first Complaint regarding the procedural barriers to suit (*i.e.*, statute of limitations) or personal participation by Defendants, his amended complaint will suffer from the same fatal deficiencies noted above and will be subject to summary dismissal.

Consequently, the following claims remain: (a) an Eighth Amendment claim against Dr. Pohlman; (b) an Eighth Amendment claim against Dr. Singh for denying medical care after Plaintiff's first surgery and for denying Plaintiff pain medication between 2003 and 2007; (c) an Eighth Amendment claim against Rittenhouse for

denial of pain medication; (d) an Eighth Amendment claim against Dr. Frantz; and (e) a retaliation claim against Johnson.

DATED: July  29 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge