IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01041-CMA-KLM

EARL WILLIAM CAMPBELL, JR.,

 Plaintiff,

v.

DR. FLOYD POHLMAN, M.D.,
DR. GAGEN SINGH, M.D.,
DR. PAULA FRANTZ, M.D.,
KATHERN RITTENHOUSE, P.A.C., and
SERGEANT JOHNSON, LU-3,

 Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

 This matter is before the Court on Plaintiff's **Motion to Renew Plaintiff's Request for Assistance of Counsel** [Docket No. 109; Filed July 29, 2010] ("Motion No. 109") and **Motion to Renew Request for Service on Defendant Brian Webster, P.A.C.** [Docket No. 11; Filed July 29, 2010] ("Motion No. 110").

 IT IS HEREBY **ORDERED** that Motion No. 109 is **DENIED** for the reasons set forth below.

 The Court does not have the power to appoint an attorney without the attorney's consent, *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that it is

appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel. However, the Court clarifies that mere placement on this list would not automatically mean that Plaintiff would receive counsel. Rather, placement on the list results in representation being secured for Plaintiff only if counsel <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various constitutional provisions. His filings to date indicate that he has a grasp of the facts and issues in this case, that he is capable of presenting the case, and has presented his claims adequately. The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze. Additionally, the record bears no indication that Plaintiff has made efforts to obtain counsel for himself or that Plaintiff has any special

2

circumstances that merit appointment.

The fact that the Plaintiff is incarcerated, including that he has limited access to the law library, does not warrant the need for volunteer counsel. The fact of Plaintiff's incarceration and limited resources are normal, not special, circumstances in this type of case, and therefore, do not provide special circumstances to consider in determining whether to seek volunteer counsel. Although mindful of the difficulties faced by *pro se* parties, particularly prisoners, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e)] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). In addition, I note that Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his incarcerated status and lack of legal resources. To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

IT IS HEREBY **ORDERED** that Motion No. 110 is **GRANTED**. Pursuant to the Motion, Plaintiff seeks permission to reinstate his claims against and effect service thereof on Defendant Brian Webster. Plaintiff's claims against Mr. Webster were dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) on March 8, 2010 [Docket No. 71]. Plaintiff

contends that he has now located Mr. Webster.

On July 29, 2010, District Judge Christine M. Arguello adopted my Recommendation to dismiss the claims against several named Defendants on the basis that Plaintiff failed to state a claim as to them [Docket No. 108]. She also agreed that the dismissal of several claims and Defendants should be without prejudice to Plaintiff filing an amended complaint and attempting to provide sufficient detail and allegations to state claims against them.[1] The deadline for Plaintiff to do so is **August 26, 2010**. Given Plaintiff's opportunity to file an amended complaint, if Plaintiff elects to do so, he may reinstate Mr. Webster as a Defendant. However, Plaintiff shall not raise any allegations against Mr. Webster involving conduct that is not related to this lawsuit or that occurred after he filed this lawsuit.[2]

In addition, as noted in my prior Order [Docket No. 104], the opportunity to file an amended complaint is specifically limited to the deficiencies identified in my Recommendation. It does not include an opportunity to supplement the Complaint and assert new claims against current Defendants, new claims against dismissed Defendants, or new claims against new Defendants. To the extent that conduct has occurred <u>after</u> the filing of Plaintiff's Complaint, Plaintiff has not been given leave to file an amended complaint which addresses such conduct. In addition to addressing areas of deficiency identified in my Recommendation, Plaintiff may reinstate his prior claims against Mr. Webster. **Under**

---

[1] Specifically, claim one was dismissed without prejudice as to Defendants Milyard, Dowis, Fortunato and Stock. Claim one was also dismissed without prejudice in part as to Defendants Singh and Rittenhouse. Claims two and three were dismissed without prejudice as to Defendant Milyard. *See Order* [#108] at 19.

[2] If Plaintiff files an amended complaint and reinstates his claims against Mr. Webster, the Court will direct the U.S. Marshal to effect service of the amended complaint upon him at the address provided by Plaintiff.

**no circumstances, however, shall Plaintiff include new claims against current, dismissed or new parties in his amended complaint.** To the extent that Plaintiff would like to pursue allegations of new claims, he may pursue available administrative remedies and, if appropriate, file a new lawsuit.

IT IS FURTHER **ORDERED** that the amended complaint shall be titled "**FINAL AMENDED COMPLAINT**" and contain (at a minimum), a case caption; a list of parties; a statement of jurisdiction; a summary of his alleged injuries; a list of separately-numbered claims, including the alleged individuals responsible for his injuries and the alleged constitutional rights implicated regarding each claim; a prayer for relief; and Plaintiff's signature. More specifically, the Final Amended Complaint shall fully and clearly identify:

(1) every claim Plaintiff seeks to pursue and the legal basis therefor;

(2) the names of the individuals Plaintiff seeks to sue as Defendants; and

(3) the role each named Defendant allegedly played related to the injuries complained of in Plaintiff's claims.

*See generally Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("To state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her, and what specific legal right the plaintiff believes the defendant violated.").

IT IS FURTHER **ORDERED** that Plaintiff shall submit his Final Amended Complaint on the Court's prisoner complaint form. In conjunction with this Order, the Clerk shall mail two copies of the Court's prisoner complaint form to Plaintiff. **Failure to use this form or otherwise comply with this Order will result in any amended complaint being**

**stricken**.

Dated: August 2, 2010

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge