IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01041-CMA-KLM

EARL WILLIAM CAMPBELL, JR.,

    Plaintiff,

v.

DR. FLOYD POHLMAN, M.D.,
DR. GAGEN SINGH, M.D.,
DR. PAULA FRANTZ, M.D.,
KATHERN RITTENHOUSE, P.A.C.,
BRIAN R. WEBSTER, P.A.C., and
SERGEANT JOHNSON, LU-3,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on *pro se* Plaintiff's **Motion for an Order Compelling Discovery** [Docket No. 150; Filed January 13, 2011] ("Motion to Compel"); Plaintiff's **Motion to File Out of Time or; Motion for Extension of Time; or Any Heading Deemed Appropriate by the Court** [Docket No. 152; Filed January 13, 2011] ("Motion to File"); and **Defendants' Joint Motion for Leave to Respond to Discovery Out of Time** [Docket No. 155; Filed January 18, 2011 ("Motion to Respond").

Reviewing Plaintiff's Motion to Compel, it does not comply with the Federal and Local Rules of Civil Procedure in several respects. First, the Motion does not contain a certification as required by Fed. R. Civ. P. 37(a)(1) that Plaintiff "attempted to confer with [the opposing party] in an effort to obtain [the discovery at issue without court action." Rather, Plaintiff vaguely contends that he submitted "multiple inquiries." *Motion to Compel*

[#150] at 1. Second, the Motion does not contain either a verbatim recitation of the discovery requests at issue or a copy of such requests as required by D.C.COLO.LCivR 37.1. In addition, the Motion does not contain a copy of any objections or responses Plaintiff received in relation to the discovery requests. The Motion is subject to denial on these bases alone.[1] Despite Plaintiff's *pro se* status, he is obligated to comply with the rules of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

In addition, the Court notes that after the Motion to Compel was filed, Defendants filed the Motion to Respond indicating that Defendant Pohlman had never received any discovery requests from Plaintiff and that the remaining Defendants received the discovery requests, but they had been inadvertently misfiled. *Motion to Respond* [#155] at 2. In addition, Defendants contend that Plaintiff never alerted them to the fact that they had failed to respond and that they were only made aware of the pending discovery requests by the filing of the Motion to Compel. *Id.* Now that Defendants have been made aware of the discovery, they seek an extension of time to respond. Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion to Compel [#150] is **DENIED**. The Motion to Compel is facially deficient. In addition, although it has now been confirmed that Defendants did not timely respond to Plaintiff's discovery requests, (1) Defendant Pohlman never received the requests; (2) the remaining Defendants' failure was not purposeful and,

---

[1] In addition, the Court notes that Plaintiff also seeks an order compelling Defendants to provide certain records which he alleges they agree, but failed to provide. Plaintiff does not contend that he issued a discovery request for these records. In their Response to the Motion to Compel [Docket No. 156], Defendants confirm that no discovery request was propounded by Plaintiff to obtain these records. Pursuant to Fed. R. Civ. P. 37(a)(3), Plaintiff is only entitled to compel discovery in relation to properly propounded discovery requests. Accordingly, this request is not a proper basis for relief. In any event, the Court notes that, as a courtesy to Plaintiff, Defendants have now sent the records at issue to Plaintiff. *Response* [#156] at 2-3.

rather, was due to a clerical error; and (3) Plaintiff failed to adequately confer with Defendants prior to filing the Motion to alert them to their failure as required by Fed. R. Civ. P. 37(a)(1).

Despite my denial of Plaintiff's Motion to Compel, the Court is troubled by the filing error that occurred here, and warns Defendants that future failures of this nature, even inadvertent ones, will not be excused. Just as Plaintiff is required to comply with the rules of Court, so, too, are Defendants. Nevertheless, the Court finds that Defendants should be permitted an opportunity to respond to Plaintiff's discovery requests. This is particularly true here, where a similar failure to respond to Defendants' requests for admissions was brought to the Court's attention pursuant to a timely filed Motion for Summary Judgment [Docket No. 93]. In resolution of that Motion, rather than deeming Plaintiff to have admitted adverse facts in his case, the Court permitted Plaintiff the opportunity to respond to Defendants' requests for admissions. *Order* [#97] at 2-3. To this end, the Court denied Defendants' Motion for Summary Judgment without prejudice noting that deeming certain facts to be admitted due to Plaintiff's inadvertent failure to timely respond would be an extraordinarily harsh penalty without first giving Plaintiff an opportunity to cure. *Id.* at 2. This holding is no less true under the present circumstances.

Although Fed. R. Civ. P. 36(a)(3) indicates that "[a] matter is admitted unless, within 30 days" the responding party serves a written answer, Rule 36(b) also contemplates that putative admissions may be withdrawn or amended where doing so would not result in prejudice. Further, the annotations to Rule 36 emphasize a preference for resolving issues on their merits. 1970 Advisory Committee Notes to Fed. R. Civ. P. 36(b). As was also the case when the failure was Plaintiff's, the prejudice to Defendants would be manifest if the

3

putative admissions were allowed to stand, particularly given the fact that Defendant Pohlman never received Plaintiff's discovery requests and the remaining Defendants' failure to respond was not purposeful. Further, the Court cannot identify any prejudice to Plaintiff if he is required to prove his claims based on their merits. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Respond [#155] is **GRANTED**. Defendants shall respond to Plaintiff's pending discovery requests on or before **February 17, 2011**.

Finally, the Court addresses Plaintiff's Motion to File. The Motion to File is premised on Plaintiff's alleged need to file a motion for summary judgment out of time to address Defendants' failure to respond to outstanding discovery requests, particularly Defendants' failure to timely respond to Plaintiff's requests for admissions. The proposed motion for summary judgment is attached to the Motion to File [Docket No. 152-1]. Plaintiff argues that Defendants' discovery omissions should result in inferences and admissions against them such that Plaintiff is entitled to summary judgment in his favor.

The dispositive motions deadline expired on December 30, 2010. Therefore, in order to be permitted to file a dispositive motion out of time, Plaintiff must provide good cause for his failure to meet the deadline. See Fed. R. Civ. P. 16(b)(4). Given that the Court has permitted Defendants an opportunity to respond to Plaintiff's outstanding discovery requests, including the requests for admissions, the primary premise underlying the proposed motion for summary judgment is no longer operative. In addition, although Plaintiff contends that he was unable to file his dispositive motion on time due to medical issues, his contention that his condition rendered him mentally incapable of filing a timely

dispositive motion lacks sufficient factual and evidentiary support. Moreover, he does not address why he could not move for an extension of time to file a dispositive motion until his condition approved. Given the above, I find that Plaintiff has not provided good cause for an extension of the dispositive motions deadline. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to File [#152] is **DENIED without prejudice**. Although the current justification provided by Plaintiff does not provide good cause for leave to file a dispositive motion out of time, due to Defendants' failure to timely respond to discovery, Plaintiff may wish to raise dispositive issues in the future after receipt of Defendants' discovery responses. For that matter, Plaintiff may also wish to amend his response [Docket No. 142] to Defendant Pohlman's Motion for Summary Judgment [Docket No. 140] to supplement such response with additional evidence. Those issues may be the subject of a future motion filed by Plaintiff which complies with the Federal and Local Rules of Civil Procedure.

Finally, the Court notes that Plaintiff has not yet filed a response to the remaining Defendants' Motion for Summary Judgment [Docket No. 145]. Although his time for doing so has now passed,

IT IS FURTHER **ORDERED** that the Court *sua sponte* extends the deadline for Plaintiff to respond to Defendants' Motion for Summary Judgment [#145] to **March 17, 2011**.

Dated: January 19, 2011

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix