IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01041-CMA-KLM

EARL WILLIAM CAMPBELL, JR.,

     Plaintiff,

v.

DR. FLOYD POHLMAN, M.D.,
DR. GAGEN SINGH, M.D.,
DR. PAULA FRANTZ, M.D.,
KATHERN RITTENHOUSE, P.A.C.,
BRIAN R. WEBSTER, P.A.C., and
SERGEANT JOHNSON, LU-3,

     Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Pohlman's **Motion for Summary Judgment** [Docket No. 140; Filed November 4, 2010] (the "Motion"). Plaintiff, who is proceeding *pro se*, filed a Response [Docket No. 142] in opposition to the Motion on November 19, 2010. Defendant Pohlman ("Pohlman") filed a Reply [Docket No. 143] on December 2, 2010. The Motion is now fully briefed and ripe for resolution. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#140] be **GRANTED**.

## I. Summary of the Case

Plaintiff is an inmate at the Colorado Department of Corrections ("CDOC") Sterling Correctional Facility ("Sterling"). Pohlman is an orthopedic surgeon who performed three knee surgeries on Plaintiff and provided follow-up treatment during 2002 and 2003.[1] *Final Complaint* [Docket No. 123] at 2; *Motion* [#140] at 2. On August 28, 2009, Plaintiff filed an Amended Complaint [Docket No. 16] in which he alleged, *inter alia*, that Pohlman violated the rights guaranteed to him by the Eighth Amendment by acting with deliberate indifference to his serious medical needs.

On October 28, 2009, Pohlman moved to dismiss Plaintiff's claim against him because the applicable statute of limitations had run. *Defendant Floyd Pohlman, M.D.'s Motion to Dismiss* [Docket No. 32]. On May 4, 2010, this Court found that any claims based on Pohlman's conduct alleged to have occurred "prior to April 1, 2007 are time-barred" and "must be dismissed by the Court unless Plaintiff establishes that the limitations period is subject to tolling." *Recommendation of United States Magistrate Judge* (hereinafter, the "*Recommendation*") [Docket No. 79] at 9. The Court further found that "it is evident on the face of the [Amended] Complaint that the [claim] against Defendant Pohlman [is] brought outside the applicable statute of limitations." *Id.* at 10; *see id.* ("Plaintiff learned of the most recent allegedly wrongful act by Defendant Pohlman on or about August 27, 2004."). However, the Court determined that factual issues existed "as to whether Defendants' . . . conduct prevented [Plaintiff] from being able to timely assert his claim" against Pohlman. *Id.* at 13 (internal quotation marks omitted).

---

[1] A complete summary of the factual background of this case can be found in the Court's prior Recommendations [Docket Nos. 79 & 137].

Plaintiff argued that the untimeliness of his claim against Pohlman should be excused because it was a "'direct result of [Defendant's] assurances and promises to provide Plaintiff with proper care and treatment.'" *Id.* at 10 (quoting *Amended Complaint* [#16] at ¶ 9).  The Court concluded that it could not determine whether equitable tolling of the statute of limitations is appropriate because no facts had been pled or evidence presented regarding "who made alleged reassurances to Plaintiff regarding treatment of his knee, on whose behalf such reassurances were made, and the substance of such reassurances."  *Id.* at 13.  Accordingly, the Court recommended that Pohlman's Motion to Dismiss be denied.  *Id.*; *see Motion* [#140] at 3 (stating that Pohlman's Motion to Dismiss was denied "because the allegations stated in the [Amended] Complaint did not make it sufficiently clear whether Dr. Pohlman made promises of continuing treatment that could serve to equitably toll the statute of limitations").  On July 29, 2010, District Judge Christine M. Arguello adopted the recommendation.  *Order Affirming and Adopting May 4, 2010 Recommendation of Magistrate Judge* [Docket No. 108] at 10 (stating that "further factual development is necessary to decide if equitable tolling should apply").

On October 3, 2010, Plaintiff filed a Final Complaint in which he alleged an identical Eighth Amendment claim against Pohlman.  *Final Complaint* [Docket No. 123] at 9 (stating that "no amendments" to the allegations in the Amended Complaint [#16] are "offered for [Defendant Pohlman]").  In the instant Motion, Pohlman contends that because he had "no contact with Plaintiff after January 2004 (and moved to Hawaii in 2006), he could not have [taken actions that warrant equitable tolling of] the statute of limitations for any claim against him."  *Motion* [#140] at 3; *see also id.* at 8-9 ("Dr. Pohlman could not have made – and did not make – false promises of future treatment because he had no interactions

with Plaintiff after . . . January 2004[.]"); *id.* at 9 ("[T]he undisputed facts demonstrate that Dr. Pohlman could not have made the alleged promises that this Court contemplated may be sufficient to equitably toll Plaintiff's claim."). To provide factual support for this contention, Pohlman has submitted an affidavit [Docket No. 140-1].

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248;

*Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).   The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Plaintiff's Final Complaint [#123] and Response [#142], the Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

Because Plaintiff did not amend his allegations against Pohlman in his Final Complaint [#123], the Court's previous finding that "it is evident on the face of the

[Amended] Complaint that the [claim] against Defendant Pohlman [is] brought outside the applicable statute of limitations" still controls. *Recommendation* [#79] at 10; *see Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047-MSK-MEH, 2010 WL 3923092, at *11 (D. Colo. Oct. 1, 2010) (unreported decision) ("[T]he law of the case doctrine generally 'dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case.'" (quoting *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007)). Thus, the only question left for the Court to resolve is whether the limitations period applicable to Plaintiff's claim against Pohlman should be tolled.

"The issue of tolling is governed by Colorado state law." *Id.* at 10 (citing *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995)). "Once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to [the] plaintiff to . . . show that there is a basis to toll the accrual date." *Id.* at 8 (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)); *Garrett v. Arrowhead Imp. Ass'n*, 826 P.2d 850, 855 (Colo. 1992) (stating that the plaintiff "must bear the burden of establishing the factual foundation for equitably tolling the statute of limitations"). In Colorado, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). A defendant has wrongfully impeded the plaintiff's ability to bring a claim when (1) he "contribute[d] to the running of the statute of limitations" by his "acts or omissions," *Strader v. Beneficial Fin. Co. of Aurora*, 551 P.2d 720, 724 (Colo. 1976), or (2) he "fail[ed] to disclose information that he is legally required to reveal and the [plaintiff] [was] prejudiced thereby," *Garrett*, 826 P.2d at 855.

In this case, Plaintiff has not pled or provided evidence of extraordinary circumstances that prevented him from filing a claim against Pohlman within the limitations period. Plaintiff also has not alleged that Pohlman failed to disclose information that he was legally required to disclose. Accordingly, the only basis for Plaintiff's contention that equitable tolling is appropriate is the possibility that Pohlman "contribute[d] to the running of the statute of limitations" by his "acts or omissions." *Strader*, 551 P.2d at 724; *see Motion* [#140] at 7 ("[T]he statute of limitations is tolled as to a defendant only if that defendant acted to delay the plaintiff from timely filing suit; [tolling] would not apply if an action other than the defendant's [caused] the delay."). The Court previously found that it did not have enough facts to determine whether Pohlman – or someone acting on behalf of Pohlman – made "continuing promises and assurances" to Plaintiff after August 27, 2004. *Recommendation* [#79] at 10 ("Plaintiff learned of the most recently alleged wrongful act by Defendant Pohlman on or about August 27, 2004."); *id.* (Plaintiff argued that he did not timely file his claim against Pohlman because he "'relied on continuing promises and assurances made by Defendants that [his] knee injury would be treated.'" (quoting *Amended Complaint* [#16] at ¶ 4)); *id.* at 13 (stating that factual issues existed as to "who made alleged reassurances to Plaintiff regarding treatment of his knee, on whose behalf such reassurances were made, and the substance of such reassurances"). Pohlman has now provided evidence in the form of an affidavit [#140-1] to establish that neither he nor anyone acting on his behalf made continuing promises and assurances to Plaintiff after August 27, 2004.

After reviewing the affidavit, the Court finds that it is undisputed "that Dr. Pohlman could not have made – and did not make – false promises of future treatment [to Plaintiff

after August 27, 2004] because he had no interactions with Plaintiff after . . . January 2004[.]" *Motion* [#140] at 9 (citing *Affidavit of Floyd Pohlman, M.D.* ("*Affidavit*") [#140-1] at ¶¶ 4-5). The Court further finds that assertion that Pohlman never authorized anyone to make promises or assurances to Plaintiff on his behalf is unrefuted. *See Affidavit* [#140-1] at 2-3, ¶¶ 6-10. Accordingly, the Court finds that Pohlman has carried his burden to show the absence of a genuine issue of material fact with respect to the question of whether he "contribute[d] to the running of the statute of limitations," *Strader*, 551 P.2d at 724, by making or authorizing anyone to make "continuing promises and assurances," *Amended Complaint* [#16] at ¶ 4, to Plaintiff. *See Adler*, 144 F.3d at 670-71. Pohlman's affidavit is clear evidence that he did not contribute to the running of the statute of limitations applicable to Plaintiff's claim against him. *See Motion* [#140] at 9 ("[T]he undisputed facts demonstrate that Dr. Pohlman could not have made the alleged promises that [the] Court contemplated may be sufficient to equitably toll Plaintiff's claim."). The burden thus shifts to Plaintiff to put forth sufficient evidence to overcome Pohlman's affidavit. *See Anderson*, 277 U.S. at 248.

The Court finds that Plaintiff has not carried this burden. Plaintiff did not provide any relevant evidence to accompany his Response. He also did not swear to the accuracy of facts stated in the Response under penalty of perjury so that the Response could be treated by the Court as an affidavit. *See Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)). Thus, Plaintiff did not go beyond the allegations and denials of his pleadings to provide admissible evidence. *See Adickes*, 398 U.S. at 157. The Court therefore concludes that Plaintiff has not carried his burden of showing that equitable tolling of the statute of limitations applicable to his

-8-

Eighth Amendment claim against Pohlman is appropriate. *See Garrett*, 826 P.2d at 855.

Accordingly, the statute of limitations operates to bar Plaintiff's claim, and summary

judgment should be entered in favor of Pohlman.

## IV. Conclusion

For the foregoing reasons, I respectfully **RECOMMEND** that Pohlman's **Motion for**

**Summary Judgment** [#140] be **GRANTED**. Accordingly,

I FURTHER **RECOMMEND** that summary judgment be entered in favor of Pohlman

and against Plaintiff as to all claims asserted by Plaintiff against Pohlman in the Final

Complaint [#123].

I FURTHER **RECOMMEND** that Plaintiff's claims against Defendant Webster be

**DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m).[2]

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have

fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this

---

[2] On January 11, 2011, the Court issued an Order to Show Cause [Docket No. 148] directing Plaintiff to "file proof of service on Defendant Webster, or respond, in writing" with Defendant Webster's current address on or before February 4, 2011. *Order to Show Cause* [#148] at 2. Plaintiff did not comply with the Order. Accordingly, the Order is now made absolute, and the Court recommends that Plaintiff's case with respect to Defendant Webster be dismissed. *See id.* at n.1 (setting out the procedural history of Plaintiff's case against Defendant Webster).

Recommendation must be both timely and specific to preserve an issue for de novo review

by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).


Dated:  April 14, 2011

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge