IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01041-CMA-KLM

EARL WILLIAM CAMPBELL, JR.,

　　Plaintiff,

v.

DR. GAGEN SINGH, M.D.,
DR. PAULA FRANTZ, M.D.,
KATHERN RITTENHOUSE, P.A.C., and
SERGEANT JOHNSON, LU-3,

　　Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on *pro se* Plaintiff's **Notice and Affidavit** [Docket No. 181; Filed May 20, 2011] (the "Notice"). As the Court previously noted, despite the fact that the Notice seeks judicial relief, it was not filed as a motion. While the Court could have refused to consider the Notice on the basis that it was not a properly filed motion, the Court directed Defendants to respond [Docket Nos. 186 & 189]. Defendants have now done so [Docket No. 194]. On the basis of Defendants' Response, the Court finds that no further action need be taken in relation to the Notice. My decision is explained below.

　　Pursuant to the Notice, Plaintiff contends that Defendants are conspiring among themselves and among unidentified Limon Correctional Facility officials to frustrate Plaintiff's ability to prosecute his case.[1] Specifically, in a sworn affidavit, Plaintiff contends

---

[1] Plaintiff's lawsuit arises from the medical care he received while incarcerated at Sterling Correctional Facility. Plaintiff has since been transferred to Limon Correctional Facility and there is no evidence that Defendants have any connection with Plaintiff's current facility.

that he is being denied meaningful access to the law library, that the law library is insufficient, that his work assignment does not provide sufficient time to litigate his case, that he was targeted for a shakedown in retaliation for prosecuting this case, and that his legal documents were confiscated during the shakedown. *Notice* [#181] at 1-4. Plaintiff contends that he is unable to meet several crucial case deadlines on the basis of these alleged actions and circumstances, including that he was unable to file a motion to compel within the deadline set by the Court.

At the Court's prompting, defense counsel, who is an officer of the Court, investigated Plaintiff's allegations and found them to be unsubstantiated and without merit. *See Response* [#194] at   Moreover, attached to Defendants' Response are several affidavits refuting Plaintiff's contentions that he is being targeted or retaliated against due to this litigation. For example, although Plaintiff contends that his work schedule does not allow him time to prosecute his case, Defendants' affiants aver that Plaintiff does not work on Tuesdays and Wednesdays and that the law library is open on both of those days. *See Lind Supplemental Affidavit* [#194-1] at 4; *Rusher Affidavit* [#194-1] at 1. In addition, there is no evidence to support Plaintiff's allegation that any of his legal documents were removed during the shakedown. *See Sokol Affidavit* [#194-1] at 6-7.

Despite the fact that Defendants' Response is in stark contrast to Plaintiff's Notice, a review of the docket supports Defendants' version of events. First, to the extent that Plaintiff contends that he could not timely file his motion to compel because of the shakedown, the shakedown occurred on May 15, 2011. Plaintiff's deadline to file the motion to compel was not until May 26, 2011 [Docket No. 169]. Even if Plaintiff's documents were seized during the shakedown (which the Court has reason to doubt),

Plaintiff had sufficient time thereafter to prepare and file an appropriate motion, including that there were four days during that time period where (1) Plaintiff was not working and (2) the library was open. Moreover, Plaintiff has made no attempt to file a motion to compel after the expiration of the deadline, despite the fact that he has filed several pleadings [Docket Nos. 190 & 193] on the docket since that time, including a detailed motion regarding an Order entered by District Judge Christine M. Arguello.

The time has come for Plaintiff to proceed with the prosecution of his case. The circumstances about which Plaintiff complains are ordinary incidents experienced by all prisoners. They do not evidence a conspiracy perpetrated by Defendants or a motive by anyone else to prevent Plaintiff from complying with the Court's Orders or case deadlines. Like all prisoners proceeding *pro se*, Plaintiff must find a way to prosecute his case within the rules of his facility and in compliance with his legal obligations as a voluntary plaintiff in a federal lawsuit.

The fact remains, however, that Plaintiff has failed to timely raise discovery issues with the Court despite being provided ample opportunity to do so. Given that the Motion for Summary Judgment has been pending since December 2010, Plaintiff must now file a response. He must do so with the documents that he has in his possession and with the legal research that he obtains from the law library. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff shall respond to the Motion for Summary Judgment [#145] on or before **July 18, 2011**. No extensions of time shall be permitted.

Dated: June 17, 2011

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix