IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-CV-01041-CMA-KLM

EARL WILLIAM CAMPBELL, JR.,

    Plaintiff,

v.

DR. GAGEN SINGH, M.D.,
DR. PAULA FRANTZ, M.D.,
KATHERN RITTENHOUSE, P.A.C., and
SERGEANT JOHNSON, LU-3,

    Defendants.

## ORDER ADOPTING AND AFFIRMING AUGUST 8, 2011 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge Kristen L. Mix pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) and (b). (Doc. # 20.) On August 8, 2011, the Magistrate Judge issued a Recommendation (Doc. # 200), recommending that Defendants Singh, Frantz, Rittenhouse and Johnson's Motion for Summary Judgment (Doc. # 145) be granted.[1] On September 12, 2011, Plaintiff, proceeding *pro se*, filed Objections to the Magistrate Judge's Recommendation. (Doc. # 209.) In light of these objections, the Court has conducted a *de novo* review of this matter, including carefully reviewing the relevant pleadings, the Recommendation, and the objections.

---

[1] Defendants also moved for summary judgment on claims asserted against Defendant Dr. Floyd Pohlman. Defendant Pohlman's motion was separately granted, and all claims against him have been dismissed with prejudice. (*See* Doc. # 178.)

For the following reasons, the Court AFFIRMS and ADOPTS the Magistrate Judge's Recommendation.

## I. **BACKGROUND**

The factual and procedural background of this matter is set out at length in Magistrate Judge Mix's thorough Recommendation, and the Court incorporates that recitation herein. Thus, the Court will provide only a brief overview of the facts and procedural history and will expand on them, when necessary, within the analysis.

At all times relevant to his claims, Plaintiff was incarcerated at Sterling Correctional Facility ("Sterling").[2] In this case, Plaintiff, proceeding *pro se*, has brought one claim under 42 U.S.C. § 1983, alleging that Defendants Singh, Frantz, Rittenhouse, and Johnson were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (Doc. # 123.)

After arriving at Sterling, Plaintiff was diagnosed with a torn anterior cruciate ligament ("ACL"). (Doc. # 16 at 6.) He subsequently underwent two knee surgeries in September 2002 and October 2003. (*Id.* at 6, 12.) Two days after the second surgery, on October 31, 2003, Plaintiff slipped on an icy sidewalk at Sterling, tore open the surgical incision, and received a third emergency surgery to close the wound. (*Id.* at 13-15.)

---

[2] Plaintiff has since been transferred from the Sterling Correctional Facility to the Limon Correctional Facility. (*See* Doc. # 168.)

Defendants Singh, Frantz, and Rittenhouse were medical care providers under contract with the Colorado Department of Corrections to provide medical care to Sterling inmates. (Doc. # 123 at 2-3.) Defendant Johnson was a "Housing Sergeant" at Sterling. (*Id.* at 4.) Plaintiff alleges that Defendants "knowingly and intentionally demonstrat[ed] extreme indifference to [his] serious medical needs" by (1) refusing to recommend a fourth surgery to repair his knee and alleviate his pain, and (2) denying or ignoring his needs for appropriate post-surgery care and living accommodations. (*Id.* at 10; Doc. # 16 at 20, 22-23.)

Defendants Singh, Frantz, Rittenhouse, and Johnson filed their Motion for Summary Judgment on December 23, 2010 (Doc. # 145), contending that the undisputed facts show that they were not deliberately indifferent to Plaintiff's medical needs. Plaintiff responded on July 15, 2011 (Doc. # 198), and Defendants replied on July 28, 2011. (Doc. # 199.)

## II. STANDARD OF REVIEW

### A. RECOMMENDATION OF MAGISTRATE JUDGE

When a magistrate judge issues a recommendation on a dispositive matter, a district court judge is required to "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is timely if made within 14 days after the magistrate judge issues

3

his recommendation.  *Id.*  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  If objections are not made or made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

**B.**     *PRO SE* **PLAINTIFF**

As noted above, Plaintiff is proceeding *pro se*.  The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf."  *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  Additionally, the plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**C.     SUMMARY JUDGMENT**

Summary judgment is warranted under Federal Rule of Civil Procedure 56(c) when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A disputed fact is "material" if it is essential to proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

## III. ANALYSIS

Instead of directing the Court's attention to any specific errors in the Recommendation, Plaintiff's objections largely consist of irrelevant discovery-related arguments and equally irrelevant factual disputes. Two specific objections warrant brief discussion: (1) that the Magistrate Judge erred by granting summary judgment before discovery was complete, and (2) that Dr. Singh's denial of stabilizing devices after

Plaintiff's second surgery amounted to deliberate indifference. These objections are both without merit.

Plaintiff argues that the Court should treat his discovery-related complaints "as a Fed. R. Civ. P. 56[d][3] motion and postpone[ ] summary judgment [to] allow Plaintiff the opportunity to file an affidavit" addressing the missing or destroyed discovery material. (Doc. # 209, ¶ 15.) However, " [a] prerequisite to granting relief" under Rule 56(d) is that the non-moving party furnish an affidavit explaining why facts precluding summary judgment cannot be presented, identifying the probable facts not available, and what steps have been taken to obtain these facts. *See Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007). Even if this court liberally construes Plaintiff's Objections as an affidavit for this purpose, Plaintiff may not move to defer summary judgment "by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion." *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)) (internal quotation marks omitted). Here, Plaintiff only makes conclusory statements about incomplete discovery and broad allegations that Defendants intentionally destroyed his legal documents. (*See* Doc. # 209, ¶¶ 1-11.) He fails to show how the additional material or time will enable him to rebut the summary judgment motion.

---

[3] In his objections, Plaintiff cites to Rule 56(f). However, effective December 1, 2010, the provision for obtaining a summary judgment deferral was moved to subdivision (d) of Rule 56 from subdivision (f) without substantial change. *See generally* Fed. R. Civ. P. 56 advisory committee's note.

Furthermore, a motion to defer summary judgment under Rule 56 "does not compel the court to grant a continuance to a party that has been dilatory in conducting discovery." *Bolden v. City of Topeka*, 441 F.3d 1129, 1151 (10th Cir. 2006). Plaintiff had previously filed a motion to compel discovery (Doc. # 150), which was denied by the Magistrate Judge as facially deficient. (Doc. # 158.) The Magistrate Judge subsequently allowed Plaintiff additional time to file another motion to compel. (Doc. # 169.) However, Plaintiff filed no further motions to compel discovery. (*See* Doc. # 195 at 3.)

Rule 56 expressly allows a motion for summary judgment to be filed by a defending party "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Here, Plaintiff has had ample opportunity for discovery, and Defendants have provided responses to Plaintiff's discovery requests. (*See* Docs. ## 156, ¶¶ 7-8; 160.) Thus, summary judgment is appropriate at this stage, and Plaintiff's discovery-related objections do not provide reason to overrule the Magistrate Judge's Recommendation.

Plaintiff's additional argument that Dr. Singh "was well aware of the dangerous icy sidewalk conditions" at Sterling and failed to provide stabilizing devices after Plaintiff's second surgery is also without merit. The alleged denial of stabilizing devices following Plaintiff's second surgery, even if it led to the slip and subsequent third surgery, is wholly irrelevant to Plaintiff's claims that Dr. Singh violated the Eighth

7

Amendment by denying adequate medical attention after the third surgery or refusing to recommend an additional fourth surgery.[4]

## IV. **CONCLUSION**

The Court concludes that the Magistrate Judge's thorough and comprehensive analyses and recommendations are correct. Therefore, Plaintiff's Objections (Doc. # 209) are OVERRULED, and the Court hereby ADOPTS and AFFIRMS the Recommendation of the United States Magistrate Judge (Doc. # 200) as the findings and conclusions of this Court.

Accordingly, it is ORDERED that Defendants' Motion for Summary Judgment (Doc. # 145) be GRANTED. This case is DISMISSED WITH PREJUDICE.

DATED: September  23 , 2011

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] Even if Dr. Singh's denial of stabilizing devices is relevant to Plaintiff's claims, it does not rise to the level of deliberate indifference. "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999); *see also Estelle v. Gamble*, 429 U.S. 97, 103 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The Court agrees with the Magistrate Judge that Plaintiff has not pointed to any evidence suggesting that Defendant Singh knew of and disregarded an excessive risk to Plaintiff's health or safety.